**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **SHOWA GLOVE, CO.,** | |
| Plaintiff, | Civil Action No. _3:18-cv-383-J-32JBT_ |
| v. | |
| **WEB.COM GROUP, INC., NEW VENTURES SERVICES, CORP., and NETWORK SOLUTIONS, LLC,** | |
| Defendants. | |

FILED
2018 MAR 20 PM 3: 02

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Showa Glove, Co. ("Showa"), hereby sues Defendants Web.com Group, Inc. ("Web.com"), New Ventures Services, Corp. ("New Ventures"), and Network Solutions, LLC ("Network Solutions") (collectively, "Defendants"). Defendants are promoting, selling, and offering for sale confusingly similar imitations of Showa's respective trademarked gloves within this District through various fully interactive commercial Internet websites operating under their partnership and/or business association names (the "Subject Domain Names"). In support of its claims, Showa states and alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for federal trademark infringement, false designation of origin, federal unfair competition, cybersquatting, common law trademark infringement, common law unfair competition, and violation of the Florida Deceptive and Unfair Trade Practices Act pursuant to 15 U.S.C. §§ 1114 , 1116 , 1121 , 1125(a) , 1125(d), and Fla. Stat.

§ 501.201, *et seq*. Showa seeks injunctive relief, monetary damages, and reasonable attorneys' fees.

## PARTIES

2.      Plaintiff Showa Glove, Co. is a corporation organized under the laws of Japan with its principal place of business at 565, Tohori, Himeji-Shi, Hyogo, Japan 670-0802.

3.      Defendant Web.com Group, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 12808 Gran Bay Parkway West, Jacksonville, FL 32258.

4.      Defendant New Ventures Services, Corp. is a corporation organized under the laws of the British Virgin Islands that operates as a subsidiary of Web.com (*see* Web.com 2016 Annual Report ("Ex. A") at Ex. 21.1) with its principal place of business at P.O. Box 459, Drums, PA 18222. Upon information and belief, Web.com directs and controls the activities of its subsidiary New Ventures. For example, Web.com's Chief Legal Officer, Matt McClure, appeared on behalf of New Ventures and defended New Ventures' interests in a 2016 Uniform Domain Name Dispute Resolution Policy ("UDRP") proceeding involving Showa. (*See* New Ventures' Response to Showa's UDRP Complaint ("Ex. B") at 1-2.)

5.      Defendant Network Solutions, LLC is a corporation organized under the laws of the State of Delaware that operates as a subsidiary of Web.com (*see* Ex. A at Ex. 21.1) with its principle place of business at 12808 Gran Bay Parkway West, Jacksonville, FL 32258.

## JURISDICTION AND VENUE

2

6.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

7.     This Court has personal jurisdiction over Defendants because, among other things, Defendants maintain or have maintained continuous and systematic contacts with, and regularly transact business in, the State of Florida and in this District, and because Showa's claims arise out of Defendants' operating, conducting, engaging in, or carrying on a business venture in the State of Florida and this District and committing tortious acts in the State of Florida and this District. Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers within the State of Florida and this District through multiple fully interactive and commercial Internet websites operating under the Subject Domain Names.

8.     Venue is proper in this District under 28 U.S.C. § 1391 since Defendants are, upon information and belief, engaging in infringing activities and causing harm within this District. Defendants have also advertised, and offered to sell infringing products into this District.

## OPERATIVE FACTS

### Showa and the SHOWA Marks

9.     Currently, and for the past sixty-four years, Showa has manufactured and sold gloves for a variety of uses and is recognized internationally as a world leader in the hand-protection industry.

10.     Showa owns multiple U.S. trademark registrations for its SHOWA Marks, including the following valid and/or incontestable registrations, issued by the United States

Patent and Trademark Office: SHOWA (U.S. Registration No. 2,524,435) (the "SHOWA Mark"), SHOWA GLOVE (U.S. Registration No. 3,499,261) (the "SHOWA GLOVE Mark"), and SHOWA (stylized) (U.S. Registration No. 4,816,067) (the "SHOWA Stylized Mark") (collectively, the "SHOWA Marks"). Showa uses the SHOWA Marks in conjunction with the manufacture and distribution of high quality medical, dental, industrial, agricultural, and household gloves. True and correct copies of the Certificates of Trademark Registration for the SHOWA Marks are attached hereto as "Ex. C."

11.     The SHOWA Marks have been used in interstate commerce to identify and distinguish SHOWA gloves for over half a century and serve as symbols of SHOWA's quality, reputation, and goodwill.

12.     The SHOWA Marks have been in continuous use since they were first used in commerce and are being used exclusively by Showa and Showa's authorized licensees.

13.     The SHOWA Marks are non-functional and the public recognizes and understands that the SHOWA Marks distinguish and identify goods produced, sold, or sponsored by Showa.

14.     For decades, Showa has extensively and continuously used and promoted the SHOWA Marks in connection with its high quality goods and services.

15.     Showa has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the SHOWA Marks, making them well-known to the public, and Showa has established a reputation for excellence, quality, and reliability in connection with the goods and services it provides in conjunction with the SHOWA Marks.

4

16.     As a result of Showa's substantial expenditures, and as a result of Showa's superior reputation, Showa enjoys virtually universal recognition of the SHOWA Marks in connection with its goods and services, and Showa has developed a significant customer base that repeatedly shops with Showa.

17.     The SHOWA Marks have become well-known and are instantly recognized by the public as being associated with the goods and services provided by or affiliated with Showa.

18.     Showa has carefully monitored and policed the use of the SHOWA Marks and has never assigned or licensed the SHOWA Marks to any of the Defendants in this matter.

19.     Genuine goods bearing the SHOWA Marks are widely legitimately advertised and promoted by Showa and its authorized distributors via the Internet. Over the course of the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Showa's overall marketing and consumer education efforts. Thus, Showa expends significant monetary resources on Internet marketing and consumer education, including search-engine-optimization strategies. Those strategies allow Showa and its authorized retailers to fairly and legitimately educate consumers about the value associated with the SHOWA Marks and the goods sold thereunder.

### Defendants' Previous, Bad-Faith
### Use of a Domain Name Infringing the SHOWA Marks

20.     On August 2, 2015, New Ventures registered the domain name <showa-glove.com>.

21.     The domain name <showa-glove.com> contained the SHOWA GLOVE Mark in its entirety with the inconsequential addition of a hyphen and the ".com" top-level domain.

22.     The website operated by New Ventures at <showa-glove.com> contained various links to third-party businesses that, in many instances, competed with Showa's goods and services.

23.     On August 26, 2015, upon learning of New Ventures' registration and use of the <showa-glove.com> domain name, Showa sent a cease-and-desist letter to New Ventures informing it of Showa's registered trademarks and explaining that New Ventures' use of the domain name <showa-glove.com> infringed upon Showa's trademarks and violated the Internet Corporation for Assigned Names and Numbers Uniform Policy and Rules for Domain Name Dispute Resolution ("ICANN UDRP").

24.     In the cease-and-desist letter Showa demanded that New Ventures immediately cease and desist from any and all use of the <showa-glove.com> domain name and that New Ventures assign the domain name to Showa.

25.     New Ventures ignored Showa's cease-and-desist letter, and in fact, refused to accept service of that letter. It also ignored a second cease-and-desist letter that Showa sent to New Ventures via Web.com on October 1, 2015.

26.     After months of no response or cooperation from New Ventures, on February 1, 2016, Showa filed a UDRP Complaint with the National Arbitration Forum. (*See* Showa's 2016 UDRP Complaint ("Ex. D").)

27.     Subsequently, on February 4, 2016, after receiving notice of Showa's Complaint, New Ventures, presumably through Web.com's legal department, emailed

Showa's counsel with a scant offer to transfer or delete the <showa-glove.com> domain name so long as Showa would agree that such transfer was "with prejudice and without any admission of any fault, liability, or bad faith."

28.    Showa's counsel responded to New Ventures' email with a counteroffer for $10,000 in addition to transfer of the domain name. Showa's counteroffer was based upon the costs incurred by Showa due, in part, to New Ventures' initial and purposeful failures to cooperate. More specifically, New Ventures' inaction amplified the costs that Showa incurred in pursuing transfer of the <showa-glove.com> domain name, including the costs associated with (1) addressing the actual confusion directly caused by New Ventures' use of the domain name, (2) engaging legal counsel to prepare multiple demand letters, (3) preparing the Complaint in the UDRP action, and (4) filing of the UDRP action.

29.    Showa and New Ventures were not able to reach a settlement agreement, and on March 7, 2016, the UDRP proceeding commenced.

30.    In the UDRP proceeding, New Ventures was represented and defended by Web.com's Chief Legal Officer, Matt McClure. (*See* Ex. B. at 1-2.)

31.    At the conclusion of the UDRP proceeding, the single-member Panel issued the following findings: (1) Showa established that it had rights and legitimate interests in the SHOWA GLOVE mark contained in its entirety within the <showa-glove.com> domain name; (2) New Ventures never had rights or legitimate interests in Showa's mark contained in its entirety within the <showa-glove.com> domain and that New Ventures had registered and thereafter used that mark without authorization to further New Ventures' own gain; (3) the <showa-glove.com> domain name was confusingly similar to one of Showa's protected

SHOWA Marks, and (4) New Ventures registered and used the <showa-glove.com> domain name in bad faith. (*See* Decision in Showa's 2016 UDRP Proceeding Against New Ventures ("Ex. E") at 6.)

32.    The UDRP decision ordered that New Ventures transfer the <showa-glove.com> domain name to Showa. New Ventures subsequently complied. (*See id.* at 13.)

### Defendants' Bad Faith Registration and Use
### of Another Domain Name Infringing the SHOWA Marks

33.    On August 25, 2017, New Ventures registered and began using the domain name <showa-tech.com> (the "Infringing Domain Name"). (*See* WHOIS Record Relating to <showa-tech.com> ("Ex. F").)

34.    As shown in the WHOIS Record, Web.com's subsidiary Network Solutions is listed as the domain name's Registrar. (*See id.*)

35.    Defendants are making a commercial use of the Infringing Domain Name that is identical to the commercial use of the domain name that was at issue in the above-described, 2016 UDRP proceeding.

36.    Specifically, upon information and belief, Defendants are seeking to monetize the Infringing Domain Name, as the website at that address clearly states "BUY THIS DOMAIN. This domain has recently been listed in the marketplace. Please click here to inquire." (*See* Screen Capture of the Website at <showa-tech.com> ("Ex. G").)

37.    Additionally, the website at the Infringing Domain Name contains various links to third-party businesses that, in many instances, offer goods and services in competition with those offered by Showa. (*See* Second Screen Capture of the Website at <showa-tech.com> ("Ex. H").)

38.     Moreover, upon information and belief, Defendants likely receive financial benefit though "click-through" fees associated with those linked, third-party websites.

39.     Defendants have no rights or legitimate interests in the Infringing Domain Name. None of the Defendants have ever engaged in any legitimate business under the names Showa or Showa-Tech. Moreover, Defendants are not Showa's licensees, and Showa has never authorized Defendants to use the SHOWA Marks.

40.     The Infringing Domain Name's inclusion of the word "showa" makes it confusingly similar to the SHOWA Marks.

41.     By registration and use of the Infringing Domain Name, Defendants have disrupted Showa's business by diverting potential Internet customers away from Showa's website to websites belonging to third-party businesses that, in many instances, compete with Showa's goods and services.

42.     Defendants' registration and commercial use of a domain name that incorporates Showa's federally registered trademark—especially after Defendants received an unfavorable UDRP decision concerning the same type of activities complained of here—not only shows that Defendants had actual knowledge of the SHOWA Marks, but also that Defendants' use of the SHOWA Marks is in bad faith.

43.     Defendants' registration and commercial use of the Infringing Domain Name in violation of Showa's rights in the SHOWA Marks is willful and wanton.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

44.     Showa incorporates the foregoing paragraphs by reference as though fully set forth herein.

45.     This is a cause of action for federal trademark infringement arising under the Lanham Act, 15 U.S.C. § 1114.

46.     Showa's federally registered trademarks referenced in paragraph 10 above, and shown in Exhibit C, are valid, subsisting, uncancelled, and unrevoked.

47.     The SHOWA and SHOWA GLOVE Marks have become uncontestable under the provisions of 15 U.S.C. § 1065.

48.     Showa has continuously used the SHOWA Marks in United States commerce since at least 1990, long before Defendants' earliest use of the Infringing Domain Name.

49.     Notwithstanding Showa's established rights in the SHOWA Marks, upon information and belief, Defendants adopted and are using <showa-tech.com> as a domain name and website in interstate commerce in connection with the sale and offering for sale of the domain name itself, and with the sale and offering for sale of competing glove products as shown in Exhibits G and H.

50.     Defendants' unauthorized and wrongful use of a domain name incorporating the SHOWA Marks is likely to cause, and has likely caused, confusion, deception, and mistake by creating the false and misleading impression that Defendants' website at <showa-tech.com>, and the linked, third-party goods and services, are associated or connected with Showa, or have the sponsorship, endorsement, or approval of Showa, and as such constitutes infringement under 15 U.S.C. § 1114.

51.     Moreover, Showa has no control over the quality of products linked, promoted, or advertised, through the Infringing Domain Name, with the result that Showa's

valuable goodwill with respect to its SHOWA Marks has been, and is being, irreparably damaged by Defendants' acts complained of herein.

52.     Upon information and belief, Defendants have registered and/or used the Infringing Domain Name with the bad faith intent to profit from Showa's SHOWA Marks.

53.     Defendants do not have, nor have they ever had, the right or authority to use Showa's SHOWA Marks. Further, the SHOWA Marks have never been assigned or licensed to be used on the website operating under the Infringing Domain Name.

54.     Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Infringing Domain Name, or have intentionally failed to maintain accurate contact information with respect to the registration of the Infringing Domain Name.

55.     Upon information and belief, Defendants have not made any bona fide noncommercial or fair use of the SHOWA Mark on a website accessible under the Infringing Domain Name.

56.     Upon information and belief, Defendants have intentionally incorporated the SHOWA Mark in their domain names to divert consumers looking for Showa's respective Internet websites to their own Internet websites for commercial gain.

57.     Upon information and belief, and given the prior recent history with the UDRP proceeding, Defendants' infringing activities are willful.

58.     Although Defendants may be acting independently, they may properly be deemed to be acting in concert because they are combining the force of their actions to multiply the harm caused to Showa.

59.     Unless enjoined, Defendants will continue to cause a likelihood of confusion and deception among members of the public and, additionally, injury to Showa's goodwill and reputation as embodied in the SHOWA Marks, for which Showa has no adequate remedy at law.

60.     Defendants have caused, and are likely to continue causing, substantial injury to the public and to Showa, and Showa is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

61.     Showa incorporates the foregoing paragraphs by reference as though fully set forth herein.

62.     This cause of action for unfair competition arises under 15 U.S.C. § 1125(a).

63.     Defendants' commercial use of the domain name <showa-tech.com> is confusingly similar in sound, appearance, and connotation to the SHOWA Marks.

64.     Defendants' actions were and are intended to, and are likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of Defendants' website at <showa-tech.com>, and the competing glove products linked on Defendants' website, in that purchasers or others are likely to believe that such website and products are associated with Showa's business.

65.     Upon information and belief, Defendants' infringing activities are willful.

66.     Defendants' aforementioned actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

67.     As a result of Defendants' unfair competition, Showa has suffered and will continue to suffer loss of income, profits, and goodwill and Defendants' have and will continue to unfairly acquire income, profits, and goodwill.

68.     As a result of Defendants' unfair competition, Showa has further suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**COUNT III**
**CYBERSQUATTING UNDER THE ANTICYBERSQUATTING**
**CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)**

69.     Showa incorporates the foregoing paragraphs by reference as though fully set forth herein.

70.     This cause of action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

71.     Showa's SHOWA Marks are distinctive and achieved distinctiveness prior to Defendants registering the Infringing Domain Name and prior to Defendants undertaking their infringing acts.

72.     The Infringing Domain Name is confusingly similar to Showa's SHOWA Marks, including Showa's own domain name <showagroup.com>.

73.     Defendants registered and used the Infringing Domain Name to divert consumers from Showa's website to Defendants' website for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendants' website with Showa and its website.

74.     Defendants' registration and use of the Infringing Domain Name is intended primarily to capitalize on the goodwill associated with the SHOWA Marks.

75. Defendants registered, trafficked in, or used the Infringing Domain Name with bad-faith intent to profit from the SHOWA Marks and the goodwill associated with the SHOWA Marks.

76. Defendants' diversion of traffic from Showa's website has harmed and continues to harm Showa's ability to generate sales at its website.

77. Defendants' registration and use of the Infringing Domain Name cause Showa's customers and potential customers to falsely believe that Defendants' website, and the competing glove products offered for sale through the various links on Defendants' website, are affiliated with, endorsed, or approved by Showa.

78. Defendants' registration and use of the Infringing Domain Name has caused and will continue to cause damage to Showa, in an amount to be proven at trial, and is causing irreparable harm to Showa, for which there is no adequate remedy at law.

## COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

79. Showa incorporates the foregoing paragraphs by reference as though fully set forth herein.

80. For decades, Showa and its authorized licensees have made exclusive use of the SHOWA Marks in conjunction with goods produced, sold, or sponsored by Showa.

81. Both Showa and Defendants are engaged in trade and commerce in the State of Florida.

82. Defendants' registration and use of the Infringing Domain Name has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' website, and the competing glove products offered for sale

14

through the various links on Defendants' website are affiliated with, endorsed, or approved by Showa.

83.     Additionally, Defendants' registration and use of the Infringing Domain Name to promote and otherwise advertise, sell, offer for sale, and distribute glove products unfairly competes with Showa for (i) space in search engine results across an array of search terms and (ii) visibility on the World Wide Web.

84.     Defendants' infringing activities are likely to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the SHOWA Mark.

85.     Defendants, by virtue of their acts as alleged herein, have willfully, knowingly, maliciously, and intentionally engaged in acts of trademark infringement and unfair competition under the common law of the State of Florida.

86.     Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Showa for which Showa has no adequate remedy at law.

87.     As a result of Defendants' acts, Showa has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Showa is entitled to injunctive relief, to an accounting of Defendants' profits, to damages, and to costs.

88.     Defendants' conduct as described herein has been willful, wanton, reckless, and in violation of Showa's rights. In light of Defendants' bad-faith use of the SHOWA Marks, and the need to deter Defendants from similar conduct in the future, Showa additionally is entitled to punitive damages.

## COUNT V
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT UNDER FLA. STAT. § 501.201, *ET SEQ.*

89.     Showa incorporates the foregoing paragraphs by reference as though fully set forth herein.

90.     Defendants' willful and knowing acts, including its registration and commercial use of the Infringing Domain Name, constitute "unfair or deceptive acts or practices in the conduct of [] trade" in Florida, which are declared unlawful by Florida Statutes § 501.201 *et seq*.

91.     Defendants' actions have misled and will continue to mislead members of the public into falsely believing that Defendants' website, and the competing glove products offered for sale through the various links on Defendants' website, are affiliated with, endorsed, or approved by Showa.

92.     Showa has suffered injury as a result of Defendants' unfair, deceptive, and misleading acts. Accordingly, Showa is entitled to injunctive relief and all other available statutory remedies, including an award of reasonable attorney fees and costs under Fla. Stat. § 501.2105.

## PRAYER FOR RELIEF

WHEREFORE, Showa respectfully prays for a judgment on all Counts of this Complaint, an award of equitable relief and monetary relief, jointly and severally, against Defendants, and asks the Court to enter an order:

A.      Finding Showa's SHOWA Marks have been and continue to be infringed by Defendants in violation of 15 U.S.C. § 1114;

16

B.    Finding Defendants' registration and use of the Infringing Domain Name and website constitutes federal unfair competition in violation of 15 U.S.C. §1125(a);

C.    Finding Defendants' registration and use of the Infringing Domain Name and website violates the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

D.    Finding Defendants' registration and use of the Infringing Domain Name and website violates state common law trademark and common law unfair competition laws;

E.    Preliminarily and permanently enjoining and restraining Defendants and each of their agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the SHOWA Marks, the Infringing Domain Name, and any marks or domain names substantially similar to them, whether or not accompanied by a logo, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute, or identify Defendants' or third parties' products and services where that designation would create a likelihood of confusion, mistake or deception with Showa's SHOWA Marks;

F.    Directing, in accordance with 15 U.S.C. §1116(a), Defendants to file with the Court and serve on Showa within thirty (30) days after issuance of an

injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. Requiring, in accordance with 15 U.S.C. §1118, Defendants and all others acting under Defendants' authority, at their cost, to deliver up, remove, disable, and/or destroy, as appropriate, all devices, literature, websites, social network pages, advertising, labels, and other material in their possession bearing the SHOWA Marks and/or Infringing Domain Name;

H. Requiring Defendants to transfer the <showa-tech.com> domain name to Showa;

I. Requiring Defendants to refrain from registering, using, or trafficking in any domain names that are identical or confusingly similar to Showa's SHOWA Marks, including but not limited to domain names containing Showa's SHOWA Marks;

J. Requiring Defendants to account to Showa for, and disgorge to Showa, all profits they have derived as a result of the unlawful acts complained of above, said amount to be trebled after an accounting pursuant to 15 U.S.C. §1117;

K. Awarding Showa its actual damages, trebled under 15 U.S.C. §1117, in an amount to be proven at trial or in the alternative statutory damages of $100,000 per domain name, as elected by Showa under 15 U.S.C. § 1117(d);

L. Awarding Showa its costs in this action;

M. Finding this case to be exceptional and awarding Showa its attorneys' fees pursuant to 15 U.S.C. §1117; and

N.  Granting Showa such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Showa demands a jury trial on all issues so triable.

Dated: March 19, 2018

Respectfully submitted,

Christa C. Turner
Florida Bar No. 76627
Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone:  407.649.4000
Facsimile:    407.841.0168
Primary Email: cturner@bakerlaw.com
Secondary Email: psalemi@bakerlaw.com
              orlbakerdocket@bakerlaw.com

Katrina M. Quicker
(*Pro Hac Vice Admission Forthcoming*)
Jason P. Grier
(*Pro Hac Vice Admission Forthcoming*)
Baker & Hostetler LLP
1170 Peachtree Street, NW,
Suite 2400
Atlanta, Georgia, 30309
Telephone:    404.440.0500
Facsimile:    404.449.5734
Primary Email: kquicker@bakerlaw.com
              jgrier@bakerlaw.com

*Attorneys for Showa Glove, Co.*